# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-203V
Filed: April 27, 2015
Not for Publication

```
* * * * * * * * * * * * * * * * * * * * * * *
PEGGY LAFON                          *
                                     *
                                     *
              Petitioner,            *      Ruling on Entitlement; Concession;
                                     *      Trivalent Influenza Vaccine
v.                                   *      ("flu"); Shoulder Injury Related to
                                     *      Vaccine Administration ("SIRVA");
                                     *      Special Processing Unit ("SPU")
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * *
```

<u>Joseph Pepper</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Adriana Ruth Teitel</u>, U.S. Department of Justice, Washington, DC, for respondent.

### **RULING ON ENTITLEMENT**[1]

**Vowell**, Chief Special Master:

On March 2, 2015, Peggy Lafon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of a trivalent influenza ("flu") vaccination on October 9, 2013, petitioner suffered a "shoulder injury related to vaccine administration." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 27, 2015, respondent filed her Rule 4(c) Report ["Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent's Report at 3.  Specifically, respondent states that she "believes that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA")" and that "petitioner met the statutory requirements by suffering the residual effects of her condition for more than six months."  "Therefore," respondent concluded, "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

> **s/Denise K. Vowell**
> Denise K. Vowell
> Chief Special Master