# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-203V
Filed: December 22, 2015
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
PEGGY LAFON,                       *
                                   *
            Petitioner,            *    Damages Decision Based on Proffer;
                                   *    Influenza;
                                   *    Shoulder Injury ("SIRVA");
SECRETARY OF HEALTH                *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Homer, Conway, Homer & Chin-Caplan, PC, Boston, MA*, for petitioner.
*Adriana Teitel, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 2, 2015, Petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of her October 9, 2013 influenza vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 27, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On December 21, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $115,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $115,000.00 in the form of a check payable to petitioner, Peggy Lafon.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PEGGY LAFON,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | No. 15-203<br>Chief Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I. Compensation for Vaccine Injury-Related Items**

On April 27, 2015, respondent filed a Rule 4(c) Report conceding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA") injury. Respondent proffers that based on the evidence of record, petitioner should be awarded $115,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4). Petitioner agrees.

**II. Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the special master's decision and the Court's judgment award the following:[1]

  A. A lump sum payment of $115,000.00 in the form of a check payable to petitioner, Peggy Lafon. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        LINDA RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division

        */s/ Adriana Teitel*
        ADRIANA TEITEL
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Phone: (202) 616-3677

Dated: December 21, 2015.